UNITED STATES OF AMERICA
MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| CARLOS E. PEREZ,<br>　　　　　Appellant, | DOCKET NUMBER<br>NY-844E-20-0224-I-1 |
| v. | |
| OFFICE OF PERSONNEL<br>　MANAGEMENT,<br>　　　　　Agency. | DATE: September 19, 2024 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Keith L. Reid, Esquire, Virginia Beach, Virginia, for the appellant.

Jo Bell, Washington, D.C., for the agency.

## BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member

## FINAL ORDER

The agency, the Office of Personnel Management (OPM), has filed a petition for review of the initial decision, which reversed its denial of the appellant's application for disability retirement and awarded him benefits. For

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

the reasons discussed below, we GRANT OPM's petition for review and REVERSE the initial decision. OPM's reconsideration decision is AFFIRMED.

## BACKGROUND

The appellant served as a Human Resources Generalist, EAS-21, with the U.S. Postal Service. On March 1, 2019, he initiated his immediate retirement (disability) under the Federal Employees' Retirement System (FERS). Initial Appeal File (IAF), Tab 9 at 67. On May 24, 2019, his employing agency removed him for misconduct, but based on a settlement agreement, that action was expunged from his record and he was allowed to pursue voluntary retirement, which he did on July 10, 2019. *Id.* at 85. The effective date of his retirement was August 31, 2019. *Id.* at 89. However, on January 28, 2020, he again pursued disability retirement citing numerous conditions. *Id.* at 95. OPM made an initial determination to deny the appellant's application on the basis that he did not meet all the criteria for disability retirement. *Id.* at 17. He submitted additional documentation, but upon its review, OPM did not change its determination. *Id.* at 10. Finally, on August 13, 2020, OPM issued its reconsideration decision, again determining that its initial denial was correct and denying the appellant's application for disability retirement. *Id.* at 4.

On appeal, the appellant stated that he is a "100% service connected veteran" and is 100% disabled, and that his work at the U.S. Postal Service caused or contributed to his disability. IAF, Tab 1 at 7. He requested a hearing. *Id.* at 2. The parties made additional submissions, IAF, Tabs 9-12, after which the administrative judge convened the requested hearing.[2] IAF, Tab 15. Following the receipt of two additional documents from the appellant, IAF, Tabs 16-17, the record was closed, and the administrative judge issued an initial decision. IAF, Tab 18, Initial Decision (ID). She first found it undisputed that the appellant completed 18 months of creditable service in a position covered

---

[2] OPM did not participate in the hearing, and the appellant was the only witness to provide testimony. IAF, Tab 15.

under FERS. The administrative judge next found that, according to the appellant, he became disabled from the cumulative effects of his multiple health conditions in May 2018, that, according to his physician, the appellant became disabled in April 2018, and that there is no contrary evidence in the record. The administrative judge further found that the appellant's claims and medical documentation are consistent that he suffers severe pain when he walks, stands, climbs stairs, and reads, demonstrating that his conditions caused a service deficiency, and that he therefore established that he became disabled while employed in a FERS position. ID at 3. The administrative judge then found that the appellant has been treated for his claimed conditions from 2018 to the present, they lasted more than 1 year, and the Postal Service attested that he cannot be accommodated. Concluding that the appellant established his entitlement to disability retirement, the administrative judge reversed OPM's reconsideration decision. ID at 1, 4.

OPM has filed a petition for review, Petition for Review (PFR) File, Tab 1, to which the appellant has not responded.

## ANALYSIS

In an appeal from an OPM decision on a voluntary disability retirement application, the appellant bears the burden of proof by preponderant evidence. *Thorne v. Office of Personnel Management*, 105 M.S.P.R. 171, ¶ 5 (2007); 5 C.F.R. § 1201.56(a)(2). To be eligible for a disability retirement annuity under FERS, an employee must show the following: (1) He completed at least 18 months of creditable civilian service; (2) while employed in a position subject to FERS, he became disabled because of a medical condition, resulting in a deficiency in performance, conduct, or attendance, or, if there is no such deficiency, the disabling medical condition is incompatible with either useful and efficient service or retention in the position; (3) the condition is expected to continue for at least 1 year from the date that the application for disability

retirement benefits was filed; (4) accommodation of the disabling medical condition in the position held must be unreasonable; and (5) he did not decline a reasonable offer of reassignment to a vacant position. *Thorne*, 105 M.S.P.R. 171, ¶ 5; *see* 5 U.S.C. § 8451(a); 5 C.F.R. § 844.103(a).

On review, OPM acknowledges that the appellant meets criteria (1), (4), and (5), as set forth above, PFR File, Tab 1 at 6, but challenges the administrative judge's findings regarding criteria (2) and (3). *Id.* at 6-8. Under criterion (2), an appellant may show that he is disabled by showing that the medical condition caused a deficiency in performance, attendance, or conduct, as evidenced by the effect of his medical condition on his ability to perform specific work requirements, or that his medical condition prevented him from being regular in attendance, or caused him to act inappropriately. *Rucker v. Office of Personnel Management*, 117 M.S.P.R. 669, ¶ 10 (2012); *Henderson v. Office of Personnel Management*, 117 M.S.P.R. 313, ¶ 17 (2012). Alternatively, the employee can show that his medical condition is incompatible with useful and efficient service or retention in the position by demonstrating that his medical condition is inconsistent with working in general, in a particular line of work, or in a particular type of work setting. *Rucker*, 117 M.S.P.R. 669, ¶ 10; *Henderson*, 117 M.S.P.R. 313, ¶ 17.

OPM challenges the administrative judge's finding that, based on the appellant's testimony that he suffers pain when he walks, stands, climbs stairs, and reads, he showed a service deficiency. Rather, OPM argues that, while the appellant's supervisor did note a service deficiency, it was based on the appellant's removal, not his medical condition. PFR File, Tab 1 at 7. We agree. In the statement the appellant's supervisor completed in connection with the appellant's disability retirement application, the supervisor stated that the appellant's performance was less than fully satisfactory in his critical elements, but, in support of that statement, he referred only to the "attached [notice of proposed removal] and the [letter of decision]." IAF, Tab 9 at 79. Similarly,

when asked to identify any critical elements in which the appellant was not performing satisfactorily, the supervisor again referred to the proposal and decision notices. *Id.* at 80. The appellant testified that, because of pain in his back, legs, and ankles, he has difficulty showing job applicants around the building, looking at files while conducting research, dealing with walk-ins, and participating in seminars. Hearing Record (HR) (testimony of the appellant). While there is evidence supporting the appellant's claim that he suffers from numerous conditions, IAF, Tabs 10-11, the evidence does not support his assertion that they adversely affect his ability to perform his duties. In addition, the appellant's position description describes a sedentary job that includes no specific physical requirements.[3] IAF, Tab 9 at 61-62. When this evidence is viewed along with the supervisor's statement that identifies no performance deficiencies related to the appellant's medical condition, the appellant's testimony that his medical condition resulted in a performance deficiency is of minimal evidentiary value. *Newkirk v. Office of Personnel Management*, 101 M.S.P.R. 667, ¶ 16 (2006) (finding that an employee's subjective evidence of disability is entitled to consideration and weight in a disability retirement case when it is supported by competent medical evidence); *see also Biscaha v. Office of Personnel Management*, 51 M.S.P.R. 304, 309 (1991).

In his statement, the supervisor answered similarly that the appellant's conduct was unsatisfactory, but again, he referenced the appellant's removal and retirement, not his medical condition. IAF, Tab 9 at 80. The record is otherwise devoid of evidence regarding the appellant's conduct. Therefore, the appellant has failed to show that his medical condition resulted in a conduct deficiency.

---

[3] Included in the record is a document that appears to refer to an injury the appellant suffered on April 13, 2005, described as "sprain of back - lumbar region." IAF, Tab 17 at 5. Although suggested accommodations were "alternate positions (sitting, standing, walking) and no flexion/twisting (lifting limited to 10 lbs.)," there is no further evidence relating this injury to the appellant's current condition, almost 15 years later. Therefore, we attach limited significance to this document.

The appellant testified that he missed a considerable amount of work in May 2018 because of his depression, HR (the appellant's testimony), and his supervisor acknowledged that the appellant used 1,424 hours of sick leave beginning at that time. IAF, Tab 9 at 80. However, no medical evidence supports the appellant's claim regarding the basis for his absence. Moreover, absence from work alone does not establish entitlement to disability retirement. *Harris v. Office of Personnel Management*, 110 M.S.P.R. 249, ¶ 17 (2008). We therefore find that the administrative judge erred in finding that the appellant showed that his claimed disability resulted in a service deficiency in performance, conduct, or attendance.

However, as noted, an appellant may also establish entitlement to disability retirement if he establishes that his medical condition is incompatible with useful and efficient service or retention in his position. *Christopherson v. Office of Personnel Management*, 119 M.S.P.R. 635, ¶ 6 (2013). In this instance, the appellant must show that he cannot work at all in any job, in a particular line of work, or in a particular type of work setting. *Id.*; *Henderson*, 117 M.S.P.R. 313, ¶ 19. The administrative judge did not undertake such an analysis, but, because the record is complete, we do so here.

It is clear that the appellant has long been treated for the medical conditions described in his application for disability retirement, among others. IAF, Tab 9 at 75; Tabs 10-11. He has undergone repeated testing, including MRIs, x-rays, and blood work, as well as various studies, and he has been prescribed a wide variety of medications. IAF, Tab 11 at 46-68. His treating physician since 2013 stated that the appellant has been disabled since April 19, 2018. IAF, Tab 12 at 4. The physician also listed the appellant's 18 medications, and provided a somewhat more detailed diagnosis of his 25 medical conditions, *id.* at 4-5, concluding that "[b]ecause of above conditions patient has moderate to severe limitations. He cannot push, pull, lift over 5 pounds carry, bend, squat or kneel. He cannot work." *Id.* at 5. The physician's conclusion, however, is not

supported by evidence showing that the appellant's medical conditions are debilitating, that is, that they are inconsistent with working in general, in a particular line of work, or in a particular type of work setting. *Rucker*, 117 M.S.P.R. 669, ¶ 10. We have considered the appellant's testimony that his medical conditions preclude him from performing his duties, HT (the appellant's testimony), but, as noted, there is a lack of competent medical evidence supporting his claim that his conditions are inconsistent with working.

The record contains numerous decisions by the Department of Veterans Affairs (DVA) over the years finding that the appellant has one or more service-connected disabilities with increasing percentages of combined service-connected disability. IAF, Tab 11 at 7-45. The Board will consider an award of benefits by DVA, but it is not dispositive. *Sachs v. Office of Personnel Management*, 99 M.S.P.R. 521, ¶ 11 (2005). That is so because DVA ratings are based on different criteria than FERS disability retirement claims. *Hunt v. Office of Personnel Management*, 105 M.S.P.R. 264, ¶ 37 (2007). In a decision dated May 31, 2019, DVA stated that the appellant had one or more service-connected disabilities with a combined service-connected evaluation of 100%.[4] IAF, Tab 11 at 7-16. However, neither this decision nor any of the previous decisions make any statement that the appellant's symptoms cause any occupational impairment or otherwise address his ability to work. We therefore find that DVA's rating of disability for the appellant is not dispositive.

We conclude, therefore, that the appellant has failed to show that his medical conditions caused a deficiency in performance, conduct, or attendance, or are incompatible with useful and efficient service or retention in his position, and

---

[4] We have not considered a DVA decision dated February 8, 2021, stating that the appellant is totally and permanently disabled because it post-dates by more than 1 year the appellant's retirement from the U.S. Postal Service. IAF, Tab 17 at 8.

that he has therefore failed to establish entitlement to a disability retirement under FERS.[5]

## NOTICE OF APPEAL RIGHTS[6]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

---

[5] Based on our finding that the appellant has failed to establish that his medical conditions render him disabled under FERS, as set forth above, we need not address OPM's remaining argument on review. We note, however, that the administrative judge erred in finding that the appellant established that his conditions lasted more than 1 year because he has been treated from 2018 to present. ID at 4. To meet criterion (3), the appellant must show that his disabling condition is expected to continue for at least 1 year from the date the application for disability retirement was filed. *Thorne*, 105 M.S.P.R. 171, ¶ 5. Here, the appellant first initiated his application for disability retirement on March 1, 2019. IAF, Tab 9 at 95. Under the circumstances, however, and in view of our ultimate disposition in this case, the administrative judge's error did not prejudice OPM's substantive rights. *Panter v. Department of the Air Force*, 22 M.S.P.R. 281, 282 (1984).

[6] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

(1) **Judicial review in general**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

(2) **Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you</u>

receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[7] The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

---

[7] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017. The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

*Gina K. Grippando*

FOR THE BOARD: _____
Gina K. Grippando
Clerk of the Board

Washington, D.C.